# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* G.G.

No. 17-1125 (Mercer County 15-JA-141)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father V.G., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's November 13, 2017, order terminating his parental, custodial, and guardianship rights to G.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Andrea P. Powell, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights and not allowing him to relinquish his custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 4, 2015, the DHHR filed a petition alleging that the child was abused and neglected due to petitioner's substance abuse issues. Petitioner waived his preliminary hearing. On October 16, 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations of abuse and neglect in the petition. The circuit court adjudicated petitioner as an abusing parent and granted him a post-adjudicatory improvement period. According to the parties, petitioner relapsed on heroin in August of 2016. Petitioner admitted that he was unable to maintain sobriety consistently after that time and was unable to maintain consistent housing or employment. On March 16, 2017, the DHHR filed a motion to terminate petitioner's parental rights due to his failure to complete his post-adjudicatory improvement period and failure to complete an outpatient substance abuse treatment program to address his substance abuse issues.

On September 27, 2017, the circuit court held a dispositional hearing at which a DHHR employee testified that petitioner failed to address his substance abuse issues following his

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

relapse, tested positive for drugs, and failed to provide proof of stable housing or employment. She further testified that she attempted to contact petitioner on several occasions, but was unable to make contact with him. Petitioner testified that he relapsed on heroin in August of 2016, and claimed that the relapse was due to the stress of bills and losing out on public benefits. Petitioner further testified that he believed he should be allowed to relinquish his custodial rights. The circuit court noted that petitioner chose drugs over his son and that the child is entitled to stability, which petitioner failed to prove he could provide. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that it was necessary for the child's welfare to terminate petitioner's parental, custodial, and guardianship rights. Petitioner appeals the November 13, 2017, dispositional order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights. Petitioner further asserts that the circuit court should have employed a less-restrictive disposition and allowed him to relinquish his custodial rights only. We disagree. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Further, West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help" and, more specifically, "the abusing parent . . . [has] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been

---

[2]According to the guardian and the DHHR, the non-abusing mother has full custody of the child.

seriously impaired and the person . . . [has] not responded to or followed through with the recommended and appropriate treatment."

Here, the record shows that petitioner had a history of substance abuse that affected his ability to parent the child. Petitioner admittedly relapsed on heroin in August of 2016, after a brief period of sobriety. Further, petitioner failed to comply with the terms and conditions of his improvement period, which required him to complete an outpatient drug treatment program, maintain employment and housing, and remain substance free. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future.

Although petitioner argues that by relinquishing his custodial rights, the child would not be harmed and petitioner would have an opportunity to achieve sobriety and potentially restore his custodial rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Moreover, it is clear that termination was necessary for the child's welfare, given that petitioner failed to correct the conditions of abuse and neglect. For these reasons, we find no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 13, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3